UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| GARY L. DESROSIERS, | : | Civ. Action No. 21-11491 (RMB) |
| Petitioner | : | |
| v. | : | **MEMORANDUM ORDER** |
| ROBERT CHETIRKIN, ADMIN. AND ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, | : | |
| Respondents | : | |

This matter comes before the Court upon Petitioner's motion to supplement the state court record and for an evidentiary hearing on his two grounds of ineffective assistance of counsel or alternatively for a stay and abeyance of this matter, while Petitioner exhausts state court remedies on a new claim in this habeas proceeding under 28 U.S.C. § 2254. (Motion to Supplement, Dkt. No. 23 at 1.) For the reasons that follow, the Court will deny Petitioner's motion.

**I.     BACKGROUND**

On or about May 19, 2021, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, raising eight grounds for relief,[1] challenging his 2009

---

[1] The eight grounds for relief in the original petition are as follows:

1. Petitioner was deprived [of] the effective assistance of counsel by his attorney's failure to conduct any investigation and present any exculpatory medical and alibi evidence.

conviction and sentence in the Superior Court of New Jersey, Law Division, Burlington County for sexual assault, aggravated sexual assault, aggravated sexual contact, and endangering the welfare of a child. (Pet., Dkt. No. 1 at 2.) On November

> 2. Petitioner's convictions should be vacated under 28 U.S.C. § 2254(d)(1) because the evidence failed to prove all the require[d] actus reus or mens reas elements of the offenses beyond a reasonable doubt.
>
> 3. Petitioner[] was denied due process of law under the Fourteenth Amendment to the United States Constitution when the prosecutor constructively amended the Indictment by bringing forth additional allegations after Petitioner had asserted a credible defense to the first allegations; had rejected the State's final plea offer; and was locked into going to trial.
>
> 4. The State courts denied Petitioner of his Fourteenth Amendment right to due process when they limited his evidentiary hearing to the sole issue of counsel's failure to obtain Petitioner's work and counseling records.
>
> 5. Counsel's deceptive pre-trial actions, as they related to the status of his investigative efforts pertaining to Petitioner's alibi, served to usurp Petitioner's Sixth Amendment right to autonomy and to choose the objective of his defense.
>
> 6. Petitioner's Fifth Amendment right to remain silent was violated by the prosecutor's repeated questions and comments on his pre-arrest silence.
>
> 7. Petitioner was denied due process of law under the Fourteenth Amendment to the United States Constitution when the prosecutor committed misconduct by circumventing the judge's refusal to charge flight in that she repeatedly referred to Petitioner's alleged flight in her summation.
>
> 8. Petitioner was denied due process of law under the Fourteenth Amendment to the United States Constitution when the prosecutor knowingly solicited false testimony from D.E. and failed to correct that false testimony.

(Pet., Dkt. No. 1 at 11-23.)

15, 2021, Respondents filed an answer to the petition, opposing relief. (Answer, Dkt. No. 10.) Respondents assert Ground Five of the habeas petition is unexhausted and without merit. (*Id.* at 69-74.)

Petitioner submits that he recently discovered his trial attorney, Kevin P. Meehan, Esq. ("Mr. Meehan" or "defense counsel"), was permanently disbarred by consent for misappropriation of client funds. (Mot. to Supplement, Dkt. No. 23 at 1.) Petitioner contends that he paid Mr. Meehan $7,000 for his representation. In Petitioner's post-conviction proceedings, he alleged Mr. Meehan failed to conduct any investigation of his case. (*Id.* at 2.) Petitioner now contends that it was Mr. Meehan's "modus operandi" to misappropriate client money without performing any work. (*Id.*) Therefore, Mr. Meehan's testimony in the PCR court, that he investigated Petitioner's defense, was false. (*Id.*) Petitioner submits that this Court should presume prejudice on all of Petitioner's claims of ineffective assistance of counsel, because Mr. Meehan lied about having a reasonable strategic reason not to raise Petitioner's alibi defense, and this resulted in a constructive denial of counsel at all stages of trial. (*Id.*)

For Petitioner's new claim, Ground Five of the petition, Petitioner relies on *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018). (*Id.* at 5-6.) In *McCoy*, a death penalty case, the Supreme Court held,

> [w]ith individual liberty—and, in capital cases, life—at stake, it is the defendant's prerogative, not counsel's, to decide on the objective of his defense: to admit guilt in the hope of gaining mercy at the sentencing stage, or to maintain his innocence, leaving it to the State to prove his guilt beyond a reasonable doubt.

138 S. Ct. at 1505.

## II. REQUEST TO SUPPLEMENT THE STATE COURT RECORD AND FOR AN EVIDENTIARY HEARING

Petitioner seeks to supplement the state court record with documents showing his defense attorney was disbarred in May 2022, and he further seeks an evidentiary hearing on his purportedly unexhausted ineffective assistance of counsel claim. The Supreme Court has held that:

> when a federal habeas court convenes an evidentiary hearing for any purpose, or otherwise admits or reviews new evidence for any purpose, it may not consider that evidence on the merits of a negligent prisoner's defaulted claim unless the exceptions in § 2254(e)(2) are satisfied.

*Shinn v. Ramirez*, 142 S. Ct. 1718, 1738–40 (2022). Section 2254(e)(2)(A) provides:

> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>
> (A) the claim relies on—
>
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

The holding in *McCoy*, that a defendant has a right to autonomy in choosing whether to maintain his innocence at the capital sentencing phase of trial, is not

applicable to Petitioner's claim that defense counsel deprived him of his autonomy by failing to investigate his asserted defenses. "Autonomy to decide that the objective of the defense is to assert innocence" falls in the category of decisions reserved to the client, rather than strategic decisions to be made by counsel. *McCoy*, 138 S. Ct. at 1508. Petitioner's counsel maintained Petitioner's innocence at trial. (Appellate Division Opinion on Direct Appeal, Ra13, Dkt. No. 10-15.) Thus, Petitioner is not entitled to an evidentiary hearing or to supplement the record on his *McCoy* claim under § 2254(e)(2)(A)(i).

Section 2254(e)(2)(A)(ii) permits a habeas evidentiary hearing where the petitioner could not have previously discovered the factual predicate for his claim through the exercise of due diligence. Here, Petitioner has not discovered a new factual predicate for his claim. Petitioner's new claim is based on an unwarranted inference that his defense attorney's 2022 disbarment establishes that his counsel similarly accepted Petitioner's money without performing any investigation, and then lied about his representation at the PCR hearing in September 2013, approximately nine years before his disbarment. (PCR Hearing Transcripts, Rta10, 11, 12, Dkt. Nos. 10-63, 64 and 65.)

Mr. Meehan was authorized to practice law when he represented Petitioner at trial and when he testified at the PCR hearing. "If a lawyer is authorized … to practice law, his or her performance on a criminal defendant's behalf is acceptable for Sixth Amendment purposes so long as the *Strickland* criteria are not met." *Vance v. Lehman*, 64 F.3d 119, 122 (3d Cir. 1995). The PCR court and the Appellate Division found

5

that Petitioner had not met the *Strickland* standard of review for Petitioner's claim that his trial counsel was ineffective by failing to perform any investigation and failing to present Petitioner's asserted alibi defense. (PCR court and Appellate Division Opinions on PCR appeal, Ra20, Dkt. No. 10-22; Ra28, Dkt. No. 10-30 at 4; Ra38, Dkt. No. 40 at 5.) Thus, Petitioner has not satisfied the requirements of § 2254(e)(2)(A) for an evidentiary hearing or to supplement the record in support of a new claim. The Court will turn to Petitioner's alternative request for a stay of the habeas petition to exhaust his new claim in the state courts.

### III. REQUEST FOR STAY AND ABEYANCE

The Supreme Court, in *Rhines v. Weber,* held that a district court has the discretion to order a stay and hold a petition under 28 U.S.C. § 2254 in abeyance while a petitioner returns to state court to exhaust his/her unexhausted claims. 544 U.S. 269, 276 (2005). District courts, however, should not grant a stay and abeyance if the unexhausted claim is plainly meritless. *Id.* at 277. For the reasons discussed above, this Court will deny Petitioner's motion for a stay and abeyance of his § 2254 petition because his ineffective assistance of counsel claim in Ground Five of the habeas petition (Pet., Dkt. No. 1 at 19-20) is plainly without merit, and Petitioner has otherwise exhausted the ineffective assistance of counsel claims in his habeas petition. The Court will determine the merits of the exhausted claims in habeas petition in due course.

**IT IS** therefore on this **30th day of October 2023**,

**ORDERED** that Petitioner's motion to supplement the state court record and for an evidentiary hearing (Docket No. 23) is **DENIED**; and it is further

**ORDERED** that Petitioner's alternative request for a stay and abeyance while he exhausts Ground Five of his habeas petition in the state courts (Docket No. 23) is **DENIED**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order on Petitioner by regular U.S. mail.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**